**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES; FRIENDS OF THE CLEARWATER,<br><br>  Plaintiffs - Appellants,<br><br>  v.<br><br>RICK BRAZELL, Supervisor of the Nez Perce National Forest; FAYE KRUEGER, Regional Forester of Region One of the U.S. Forest Service; UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture; U.S. FISH & WILDLIFE SERVICE, an agency of the U.S. Department of the Interior,<br><br>  Defendants - Appellees. | No. 14-35050<br><br>D.C. No. 3:12-cv-00466-MHW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Mikel H. Williams, Magistrate Judge, Presiding

Argued and Submitted December 8, 2014
Seattle, Washington

Before: HAWKINS, McKEOWN, and TALLMAN, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiffs-Appellants Alliance for the Wild Rockies and Friends of the Clearwater (collectively "Alliance") appeal the district court's grant of summary judgment in favor of federal defendants the United States Forest Service ("USFS") and the Fish and Wildlife Service ("FWS"). Alliance argues that the district court erred when it affirmed USFS's decision to implement the Little Slate Project ("Project")—a 2,598-acre timber thinning sale within a 36,000-acre project area in the 2.2 million-acre Nez Perce National Forest. Alliance asserts that the agencies violated the National Forest Management Act ("NFMA"), 16 U.S.C. § 1600 *et seq.*, the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq.*—and therefore the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*—by failing to properly account for the impact of the Project on several species that live in the project area (fisher, goshawk, pileated woodpecker, and bull trout) and those species' habitats. We disagree. We find that the federal agencies satisfied their obligations under NFMA, NEPA, the ESA, and the APA before implementing the Project to improve long-term habitat and the health of the forest. We, therefore, AFFIRM the district court's entry of summary judgment in favor of the federal defendants.

USFS did not violate NFMA when developing the Little Slate Project. NFMA obligates USFS to comply with the Nez Perce Forest Plan when designing and implementing site-specific projects for the Nez Perce National Forest. *See* 16 U.S.C. § 1604(i); *Lands Council v. McNair*, 537 F.3d 981, 989 (9th Cir. 2008) (en banc). Although the Nez Perce Forest Plan requires USFS to monitor management indicator species ("MIS") (including fisher, goshawk, and pileated woodpecker) populations at the forest level, nothing in the Plan requires USFS to conduct site-specific monitoring before implementing individual projects like the Little Slate Project. *See Earth Island Inst. v. U.S. Forest Serv.*, 697 F.3d 1010, 1014 (9th Cir. 2012) (noting that "NFMA and its implementing regulations provide for forest planning and management at two levels: the forest level and at the individual project level"). USFS appropriately evaluated the impact of the Project on MIS by considering how the Project would affect those species' habitats. *See Ecology Ctr. v. Castaneda*, 574 F.3d 652, 664–65 (9th Cir. 2009) (approving USFS's use of the same methodology for monitoring MIS); *Lands Council*, 537 F.3d at 997–98 (same). Thus, USFS did not violate the Nez Perce Forest Plan or NFMA when it developed the Little Slate Project without conducting a population survey of MIS such as the fisher, goshawk, and pileated woodpecker.

Nor did USFS violate NEPA. NEPA requires federal agencies contemplating "major Federal action" to prepare an environmental impact statement ("EIS") analyzing that action. *See* 42 U.S.C. § 4332(C). Reviewing courts evaluate the EIS to ensure that the agency has taken a "hard look" at the environmental consequences of the proposed action. *Ecology Ctr.*, 574 F.3d at 657. An EIS satisfies NEPA's hard look requirement if it "provides a full and fair discussion of environmental impacts." *Lands Council*, 537 F.3d at 1001.

After thoroughly reviewing the Little Slate Project Final EIS, we are satisfied that USFS took the requisite "hard look" at the Project's potential impacts on the species. The Little Slate Project EIS closely examines the Project's potential impact on fisher, goshawk, pileated woodpecker, and bull trout by considering how the Project will degrade or improve those species' critical habitats. This discussion includes an analysis of any potential cumulative environmental impact to which the Project would contribute. That is sufficient to satisfy NEPA's hard look requirement.

Finally, USFS and FWS satisfied their obligations under the ESA. The ESA prohibits federal agencies from taking any action that is "likely to jeopardize the continued existence" of any listed or threatened species or "result in the destruction or adverse modification" of those species' critical habitats. 16 U.S.C.

4

§ 1536(a)(2). In its Biological Opinion relating to the Little Slate Project, FWS concluded that the Project would not jeopardize bull trout—the only listed species relevant here—or adversely modify its critical habitat. Consistent with the ESA, FWS based this conclusion on the "best scientific and commercial data available." *Id.* This "no jeopardy" conclusion is supported by evidence in the record that shows that the Project, while temporarily disrupting some bull trout habitat in the short term, will have a long-term positive impact on many of the streams in which bull trout live and reproduce. For these reasons, FWS's Biological Opinion is sufficient under the ESA. Thus, neither FWS nor USFS violated the ESA or the APA by developing or relying on FWS's Biological Opinion.

In sum, we are satisfied—on an independent review of the administrative record as a whole—that USFS and FWS complied with NFMA, NEPA, the ESA, and the APA. The agencies followed all applicable law and did not "rel[y] on factors which Congress has not intended it to consider, entirely fail[] to consider an important aspect of the problem, offer[] an explanation for its decision that runs counter to the evidence . . . , or" come to a conclusion that "is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicles Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

**AFFIRMED**.